UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 NOV 23 A 10: 31
U.S. DISTRICT COURT
DISTRICT OF MASS.

04 - 12470 DPW

PAUL L. GERMAIN, )
    Plaintiff )
 )
V. ) Civil Action
 )
 ) No.
JOHN DINUCCIO, and ) MAGISTRATE JUDGE Cohen
RONALD A. HEMEON, )
    Defendants )
 )

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED yes
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED _____
BY DPTY CLK _____
DATE 11/23/04

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and says:

General Factual Allegations

1. The Plaintiff, Paul L. Germain, is a resident of Georgetown, Massachusetts.

2. The Defendant, John DiNuccio, is a resident of Boxford, Massachusetts.

3. The Defendant, Ronald A. Hemeon, is a resident of Essex, Massachusetts.

4. On or about December 14, 2001, the Plaintiff was employed by the Defendant, John DiNuccio.

5. On or about December 14, 2001, the Plaintiff was employed by the Defendant, John DiNuccio, as a seaman, and a member of the crew of the F/V LISA ROSE.

6. On or about December 14, 2001, the Defendant, John DiNuccio, owned the F/V LISA ROSE.

7. On or about December 14, 2001, the Defendant, John DiNuccio, chartered the F/V LISA ROSE from some other person or entity.

8. On or about December 14, 2001, the Defendant, John DiNuccio, operated the F/V LISA ROSE.

9. On or about December 14, 2001, the Defendant, John DiNuccio, or the Defendant's agents, servants, and/or employees, controlled the F/V LISA ROSE.

10. On or about December 14, 2001, the Defendant, Ronald A. Hemeon, owned the F/V ALEXIS MARGARET.

11. On or about December 14, 2001, the Defendant, Ronald A. Hemeon, chartered the F/V ALEXIS MARGARET from some other person or entity.

12. On or about December 14, 2001, the Defendant, Ronald A. Hemeon, operated the F/V ALEXIS MARGARET.

13. On or about December 14, 2001, the Defendant, Ronald A. Hemeon, or the Defendant's agents, servants, and/or employees, controlled the F/V ALEXIS MARGARET.

14. On or about December 14, 2001, the F/V LISA ROSE was in navigable waters.

15. On or about December 14, 2001, the F/V ALEXIS MARGARET was in navigable waters.

16. On or about December 14, 2001, the F/V ALEXIS MARGARET and the F/V LISA ROSE were moored at the Jodrey State Fish Pier in Gloucester, Massachusetts.

17. On or about December 14, 2001, while in the in the performance of his duties in the service of the F/V LISA ROSE, the Plaintiff sustained personal injuries.

18. Prior to and at the time he sustained the above mentioned personal injuries, the Plaintiff was exercising due care.

## Jurisdiction

19. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, 46 U.S.C. §688 et. seq.

20. This Court has subject matter jurisdiction over this matter pursuant to Article III, Section 2 of the United States Constitution, the General Maritime Law, and 28 U.S.C. §1331.

### COUNT I

### Paul L. Germain v. John DiNuccio

### (JONES ACT NEGLIGENCE)

21. The Plaintiff, Paul L. Germain, reiterates the allegations set forth in paragraphs 1 through 20 above.

22. The personal injuries sustained by the Plaintiff, Paul L. Germain, were not caused by any fault on his part but were caused by the negligence of the Defendant John DiNuccio, his agents, servants and/or employees.

23. As a result of said injuries, the Plaintiff, Paul L. Germain, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

24. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Paul L. Germain, demands judgment against the Defendant, John DiNuccio, in the amount of $1,000,000.00, together with interest and costs.

### COUNT II

### Paul L. Germain v. John DiNuccio

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

25. The Plaintiff, Paul L. Germain, reiterates the allegations set forth in paragraphs 1 through 20 above.

### COUNT IV

### Paul L. Germain v. John DiNuccio

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AND CURE)

31. The Plaintiff, Paul L. Germain, reiterates the allegations set forth in paragraphs 1 through 20 above.

32. As a result of the personal injuries described in paragraph 17 above, the Plaintiff, Paul L. Germain, has incurred and will continue to incur expenses for his maintenance and cure.

33. The Plaintiff, Paul L. Germain, has made demand upon the Defendant, John DiNuccio, for the provision of maintenance and cure.

34. The Defendant, John DiNuccio, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with his maintenance and cure in a timely and adequate manner.

35. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical & hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Paul L. Germain, demands judgment against the Defendant, John DiNuccio, in the amount of $250,000.00, as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

## COUNT V

### Paul L. Germain v. Ronald A. Hemeon

### (GENERAL MARITIME LAW NEGLIGENCE)

36. The Plaintiff, Paul L. Germain, reiterates the allegations set forth in paragraphs 1 through 20 above.

37. On or about December 14, 2001, the Defendant, Ronald A. Hemeon, or the Defendant's agents, servants, and/or employees, used a gangway at the Jodrey State Fish Pier to slide tubs of herring bait to the F/V ALEXIS MARGARET.

38. On or about December 14, 2001, the Plaintiff slipped on said gangway while attempting to board the F/V LISA ROSE.

39. The personal injuries sustained by the Plaintiff, Paul L. Germain, were not caused by any fault on his part but were caused by the negligence of the Defendant Ronald A. Hemeon, his agents, servants and/or employees, in sliding tubs of herring bait to the F/V ALEXIS MARGARET.

40. As a result of said injuries, the Plaintiff, Paul L. Germain, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

41. This cause of action is brought under the General Maritime Law.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of $1,000,000.00, together with interest and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS I – V.

                        Respectfully submitted for the
the Plaintiff, Paul L. Germain,
by his attorney,

_____
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: 11/22/04

JS44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Paul L. Germain

**DEFENDANTS**
John Dinuccio and Ronald A. Hemeon

FILED IN CLERK'S OFFICE
2004 NOV 23  A 10:31

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David J. Berg, Latti and Anderson, LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

ATTORNEYS (IF KNOWN)

04-12470

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties IN Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment Of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☒ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (Specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) This is an admiralty personal injury case brought under the Jones Act and the General Maritime Law.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $1,000,000.00   Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 11/22/04   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Paul L. Germain V. John Dinuccio and Ronald A. Hemeon.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **04-12470 DPW**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐  NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐  NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐  NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐  NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐  NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **David J. Berg**
ADDRESS **30-31 Union Wharf, Boston, MA 02109**
TELEPHONE NO. **617-523-1000**

(Coversheetlocal.wpd - 10/17/02)