# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL L. GERMAIN , | ) | |
| | ) | Civil Action |
| Plaintiff | ) | Case No. 04-cv-12470-DPW |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN DINUCCIO | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| RONALD A. HEMEON | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANT RONALD A. HEMEON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Ronald A. Hemeon., by and through his counsel, Tompkins, Clough, Hirshon & Langer, P.A., and answers Plaintiff's Complaint as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

3.    Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies same..

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies same.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies same.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10.     Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Paragraph 12 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.

13.     Paragraph 13 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15.     Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies same.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Paragraph 19 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Paragraph 20 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

## COUNT I

21.    Defendant repeats and realleges his answers to the allegations set forth in paragraphs 1 through 20, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies same.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies same.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies same.

## COUNT II

25.    Defendant repeats and realleges its answers to the allegations set forth in Paragraphs 1 through 20, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies same.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies same.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies same.

### COUNT III

29.     Defendant repeats and realleges its answers to the allegations set forth in Paragraphs 1 through 20 inclusive above of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies same.

### COUNT IV

31.     Defendant repeats and realleges its answers to the allegations set forth in Paragraphs 1 through 20, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies same.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies same.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies same.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies same.

## COUNT V

36.    Defendant repeats and realleges its answers to the allegations set forth in Paragraphs 1 through 20, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies same.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies same.

39.    Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.    Paragraph 41 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

WHEREFORE, Defendant Ronald A. Hemeon demands that all counts of Plaintiff's Complaint asserting claims against Ronald A. Hemeon be dismissed with

prejudice, and that Defendant be awarded his costs, including attorney's fees, and such other and further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant Ronald A. Hemeon by and through his counsel, Tompkins, Clough, Hirshon & Langer, P. A. and as and for his affirmative defenses to Plaintiff's Complaint state as follows:

1.      Count V of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Upon information and belief, Plaintiff has failed to mitigate his damages.

3.      Upon information and belief, the proximate cause of Plaintiff's alleged injury, to the extent it occurred, was Plaintiff's own negligence and, therefore, Plaintiff is barred from any recovery.  To the extent the Plaintiff is entitled to any recovery, such recovery must be reduced according to law.

4.      Upon information and belief, any injuries suffered by the Plaintiff were the result of an intervening and/or superceding cause.

5.      Defendant Ronald A. Hemeon alleges as a complete and separate defense to Plaintiff's Complaint that Paul L. Germain's alleged injuries, and any damages resulting there from, were occasioned without the privity, common knowledge or fault of Defendant; upon information and belief, to the extent that the amount of the damages claimed by Plaintiff exceeds the value of Defendant's interest in the vessel *F/V ALEXIS MARGARET*, and her freight then pending, then Defendant invokes the benefits of the provisions of the revised statutes of the United States and the acts amendatory thereof and supplemental thereto in limitation of the liability of shipowners, 46 U.S.C. §§183-195, as amended, under

which provisions, should Defendant be held liable for or by any reason of the matters, or any of them, set forth in the Complaint, then Plaintiff is not entitled to recover damages therefore in a sum in excess of the amount of the value of Defendant's said interest in said vessel at the conclusion of the voyage upon which such damage occurred, and her freight then pending.

6.    Upon information and belief, Plaintiff's alleged injuries pre-existed the date on which Plaintiff claims to have been injured in this matter.

Dated at Portland, Maine this 30th day of December, 2004.

/s/   Leonard W. Langer

/s/   Marshall J. Tinkle
BBN:  565513

Counsel for Defendant
Ronald A. Hemeon

TOMPKINS, CLOUGH, HIRSHON & LANGER, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112
(207) 874-6700

## <u>CERTIFICATE OF SERVICE</u>

I, Leonard W. Langer, hereby certify that on December 30, 2004, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to the following:  David Berg, Esq., Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA  02109-1202, counsel for Plaintiff.  I also mailed a copy of the within document by first class mail, postage prepaid, to Defendant John DiNuccio, 6 Foster St., Boxford, MA   01921-2238.

<u>/s/  Leonard W. Langer</u>

Germain/Hemeon/Ans Aff'm Def