UNITED STATES DISTRICT COURT CLERKS OFFICE
for the
DISTRICT OF MASSACHUSETTS 2005 FEB -2 P 3: 27

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| PAUL L. GERMAIN,<br>　　　Plaintiff<br><br>v.<br><br>JOHN DINUCCIO and RONALD<br>A. HEMEON,<br>　　　Defendants | CIVIL ACTION<br>NO.: 04-12470 DPW |

### DEFENDANT JOHN DINUCCIO'S ANSWER TO PLAINTIFF'S COMPLAINT

### FIRST DEFENSE

The Defendant, John Dinuccio ("DiNuccio") responds to the allegations contained in the Complaint, paragraph by paragraph, as follows:

1.  The Defendant DiNuccio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.  The Defendant Dinuccio admits the allegations contained in paragraph 2 of the Complaint.

3.  The Defendant DiNuccio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.  The Defendant DiNuccio denies the allegations contained in paragraph 4 of the Complaint.

5.  The Defendant DiNuccio denies the allegations contained in paragraph 5 of the Complaint.

6.  The Defendant DiNuccio admits the allegations contained in paragraph 6 of the Complaint.

7.  The Defendant DiNuccio denies the allegations contained in paragraph 7 of the Complaint.

8.  The Defendant DiNuccio admits the allegations contained in paragraph 8 of the Complaint.

9. The Defendant DiNuccio admits the allegations contained in paragraph 9 of the Complaint.

10. The Defendant DiNuccio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. The Defendant DiNuccio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. The Defendant DiNuccio is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. The Defendant DiNuccio is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. The Defendant DiNuccio is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. The Defendant DiNuccio is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. The Defendant DiNuccio admits the allegations in paragraph 16 of the Complaint.

17. The Defendant DiNuccio denies the allegations contained in paragraph 17 of the Complaint.

18. The Defendant DiNuccio denies that the Plaintiff sustained the injuries as he claims, and is therefore unable to form a belief as to whether the Plaintiff was exercising due care.

19. Paragraph 19 of the Complaint states a legal conclusion for which no response is required.

20. Paragraph 20 of the Complaint states a legal conclusion for which no response is required.

## COUNT I

Paul L. Germain v. John DiNuccio

(JONES ACT NEGLIGENCE)

21. The Defendant DiNuccio adopts by reference his responses to paragraphs 1 through 20 of the Complaint.

22. The Defendant DiNuccio denies the allegations contained in paragraph 22 of the Complaint.

23. The Defendant DiNuccio denies the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion for which no response is required; to the extent a response is deemed necessary, Defendant DiNuccio denies.

WHEREFORE, the Defendant DiNuccio demands that the Complaint be dismissed and judgment entered in favor of the Defendant DiNuccio with the costs and disbursements of this action.

## COUNT II

### Paul L. Germain v. John DiNuccio

### (GENERAL MARITIME LAW – UNSEAWORTHINESS)

25. The Defendant DiNuccio adopts by reference his responses to paragraphs 1 through 20 of the Complaint.

26. The Defendant DiNuccio denies the allegations contained in paragraph 26 of the Complaint.

27. The Defendant DiNuccio denies the allegations contained in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states a legal conclusion for which no response is required; to the extent a response is deemed necessary, Defendant DiNuccio denies.

WHEREFORE, the Defendant DiNuccio demands that the Complaint be dismissed and judgment

3

entered in favor of the Defendant DiNuccio with the costs and disbursements of this action.

## COUNT III

Paul L. Germain v. John DiNuccio

(GENERAL MARITIME LAW – MAINTENANCE and CURE)

29. The Defendant DiNuccio adopts by reference his responses to paragraphs 1 through 20 of the Complaint.

30. The Defendant DiNuccio denies the allegations contained in paragraph 30 of the Complaint.

WHEREFORE, the Defendant DiNuccio demands that the Complaint be dismissed and judgment entered in favor of the Defendant DiNuccio with the costs and disbursements of this action.

## COUNT IV

Paul L. Germain v. John DiNuccio

(GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

31. The Defendant DiNuccio adopts by reference his responses to paragraphs 1 through 20 of the Complaint.

32. The Defendant DiNuccio denies the allegations in paragraph 32 of the Complaint.

33. The Defendant DiNuccio admits that by letter dated August 24, 2004 the Plaintiff made a demand upon the Defendant DiNuccio for the provision of maintenance and cure, but denies that any supporting medical documentation was provided to the Defendant DiNuccio at any time up to and including the date of this Response.

34. The Defendant DiNuccio denies the allegations contained in paragraph 34 of the Complaint.

35. The Defendant DiNuccio denies the allegations contained in paragraph 35 of the Complaint.

WHEREFORE, the Defendant DiNuccio demands that the Complaint be dismissed and judgment entered in favor of the Defendant with the costs and disbursements of this action.

## COUNT V

### Paul L. Germain v. Ronald A. Hemeon

### (GENERAL MARITIME LAW NEGLIGENCE)

36. – 41.   Defendant DiNuccio neither admits nor denies the allegations contained in Count Five, paragraphs 36 – 41 as Count V and the paragraphs thereunder do not pertain to him. In the event that these paragraphs are read as being applicable to this Defendant, they are denied.

## SECOND DEFENSE

The Defendant DiNuccio says that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant DiNuccio was not and is not legally responsible.

## THIRD DEFENSE

The Defendant DiNuccio says that the negligence of the Plaintiff was greater than the alleged negligence of the Defendant DiNuccio and that such negligence of the Plaintiff contributed to his

alleged injuries and, therefore, the Plaintiff is barred from recovery.

### FOURTH DEFENSE

The Defendant DiNuccio says that the Plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the Plaintiff from the Defendant DiNuccio should be reduced in proportion to the said negligence of the Plaintiff.

### FIFTH DEFENSE

No act or omission of Defendant DiNuccio caused any damages that the Plaintiff alleged to have suffered.

### SIXTH DEFENSE

The Defendant DiNuccio says that the injuries alleged were caused in whole or in part by the negligence of the Plaintiff.

### SEVENTH DEFENSE

The Defendant DiNuccio says that said injuries were caused by the intervening and/or superseding negligence of third persons for which the Defendant DiNuccio is not liable.

### EIGHTH DEFENSE

The Defendant DiNuccio says that the Plaintiff has failed to commence this action within the time afforded by the pertinent statutes of the Commonwealth of Massachusetts and General Maritime Law and therefore cannot maintain this action.

### NINTH DEFENSE

The Defendant DiNuccio says that the Plaintiff's complaint fails to state a claim upon which relief can be granted.

### TENTH DEFENSE

Plaintiff has failed to mitigate his damages.

### ELEVENTH DEFENSE

Plaintiff, by his actions, conduct and representations to Defendant DiNuccio is estopped from asserting his claim against the Defendant DiNuccio.

### TWELFTH DEFENSE

All claims and causes of action alleged in Plaintiff's Complaint against Defendant DiNuccio are barred because Defendant DiNuccio did not owe any duty and/or did not violate any duty that he owed to the Plaintiff.

### THIRTEENTH DEFENSE

The Defendant DiNuccio says that the Plaintiff's Complaint must fail for insufficiency of service of process.

### FOURTEENTH DEFENSE

The Defendant DiNuccio says that the Plaintiff's Complaint must fail for insufficiency of process.

### FIFTEENTH DEFENSE

The Defendant DiNuccio says that the Plaintiff never properly filed a claim for Maintenance and Cure and that the Plaintiff failed to provide any medical records or bills to the Defendant DiNuccio, although they were requested.

### SIXTEENTH DEFENSE

The Plaintiff has failed to join all necessary parties for the complete adjudication of all claims, and complete relief can therefore not be granted.

WHEREFORE, the Defendant DiNuccio demands that the Complaint be dismissed and judgment entered in favor of the Defendant DiNuccio with the costs and disbursements of this action.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE TO A JURY.**

Dated: _____

The Defendant, John DiNuccio,
By his attorney,

_____
Roberta E. Lawlor, Esq.
The Law Office of Kevin F. Gillis, Esq.
600 Chapman Street
Canton, MA 02021-2064
781-575-1848
781-575-1972 (fax)
BBO #: 557092

I, Roberta E. Lawlor, Esq., hereby
certify that this document has been
served on all counsel of record
by mail this 28th day of January, 2005.

_____
Roberta E. Lawlor, Esq.

8